# Matter of Carlos Esteban FRIAS ULLOA, Respondent

*Decided by Board August 11, 2025[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Section 2C:35-5(b)(4) of the New Jersey Statutes Annotated is divisible by controlled substance, and applying the modified categorical approach, the respondent's record of conviction identifies the relevant substance as fentanyl, a federally controlled substance. *Matter of Laguerre*, 28 I&N Dec. 437 (BIA 2022), followed.

FOR THE RESPONDENT: Laura S. Rodriguez, Esquire, Newark, New Jersey

FOR THE DEPARTMENT OF HOMELAND SECURITY: Sarah B. Campbell, Assistant Chief Counsel

BEFORE: Board Panel: MULLANE and GOODWIN, Appellate Immigration Judges; MCCLOSKEY, Temporary Appellate Immigration Judge.

MULLANE, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals the Immigration Judge's July 2, 2024, decision granting the respondent's motion to terminate proceedings. The respondent opposes the appeal. The appeal will be sustained.

The question on appeal is whether the respondent's 2022 conviction for possession with the intent to distribute a controlled dangerous substance in violation of sections 2C:35-5(a)(1) and (b)(4)[2] of the New Jersey Statutes Annotated is a controlled substance offense and an illicit trafficking aggravated felony under section 101(a)(43)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43)(B) (2018), that renders him

---

[1] Pursuant to Order No. 6403-2025, dated September 22, 2025, the Attorney General designated the Board's decision in *Matter of Frias Ulloa* (BIA Aug. 11, 2025), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2025). Editorial changes have been made consistent with the designation of the case as a precedent.

[2] The New Jersey records delineate the subsections as "a" or "A" instead of "(a)," for example, 2C:35-5a(1) in the indictment and 2C:35-5A(1) in the record of conviction. For clarity, we refer to the subsections within parentheses throughout this decision, which is how we have previously referred to this section of New Jersey law. *See, e.g.*, *Matter of Laguerre*, 28 I&N Dec. 437 (BIA 2022) (referring throughout to "2C:35-10(a)(1)").

removable under sections 237(a)(2)(B)(i) and 237(a)(2)(A)(iii) of the INA", 8 U.S.C. §§ 1227(a)(2)(A)(iii), (B)(i) (2018), respectively. The answer depends on whether the respondent's statute of conviction is divisible by controlled substance, permitting us to proceed from the categorical approach to the modified categorical approach to determine that he was convicted of an offense involving fentanyl, a federally controlled substance. *See, e.g.*, *Matter of Laguerre*, 28 I&N Dec. 437, 439 (BIA 2022).

At all relevant times, section 2C:35-5 of the New Jersey Statutes Annotated criminalized possession with intent to distribute a controlled substance in (a)(1) and then laid out different penalty schemes in (b)(1) through (14) according to the controlled substances involved. Accordingly, the Immigration Judge found that the respondent's statute of conviction was divisible regarding the various penalty subsections of (b), and that the respondent specifically was convicted under (b)(4). However, the Immigration Judge determined that (b)(4), which contained several grouped substances, was not further divisible by substance. And after finding that the grouped controlled substances in (b)(4) included at least one that is not federally controlled, he determined that the respondent's conviction did not categorically involve a federally controlled substance and thus did not sustain the charges of removability.

In *Matter of Laguerre*, 28 I&N Dec. at 447, we held that a related statute, section 2C:35-10(a)(1) of the New Jersey Statutes Annotated, was divisible by substance. This statute prohibits possession of a controlled substance and is substantially similar to the respondent's statute of conviction that prohibits, at a minimum, possession with intent to distribute. *Compare* N.J. Stat. Ann. § 2C:35-10(a)(1) (West 2007), *with* N.J. Stat. Ann. § 2C:35-5 (West 2022). The relevant portion of the statute we found divisible by substance in *Matter of Laguerre* provides:

> Any person who violates this section with respect to:
>     (1) A controlled dangerous substance, or its analog, classified in Schedule I, II, III or IV other than those specifically covered in this section, is guilty of a crime of the third degree . . . .

N.J. Stat. Ann. § 2C:35-10(a)(1). Subsection (b)(4) of the respondent's statute of conviction provides:

> b. Any person who violates subsection [(a)] with respect to:
>     . . . .
>     (4) A substance classified as a narcotic drug in Schedule I or II other than those specifically covered in this section, or the analog of any such substance, in a

> quantity of one ounce or more including any adulterants or dilutants is guilty of a crime of the second degree[.]

N.J. Stat. Ann § 2C:35-5(b)(4). We discern no relevant differences between these statutes that would prevent the full application of the analysis in *Matter of Laguerre*, which found that based on the statutory language, New Jersey case law, and legislative history, the identity of the controlled substance is an element of the statute criminalizing controlled substance possession. 28 I&N Dec. at 438–46. Thus, for the same reasons, we conclude that the identity of the controlled substance is an element of the statute criminalizing controlled substance possession with intent to distribute.

Moreover, in an unpublished but extensive opinion, *Gayle v. Attorney General United States*, No. 22-1811, 2023 WL 4077332, at *4–6 (3d Cir. June 15, 2023), the United States Court of Appeals for the Third Circuit found that subsection (b)(1) of section 2C:35-5 was divisible by substance. And in doing so, the Third Circuit disagreed with the Immigration Judge's underlying reasoning here that because the penalty subsection groups drugs without listing the drugs in the alternative or providing for differing penalties, it is not further divisible by substance. The petitioner in *Gayle* made the same argument for subsection (b)(1), but the Third Circuit explained that the grouping of drugs within subsections "appears merely to reflect the drafters' decision to address drugs by type and, reading the statute as a whole, such groupings do not reflect a desire to treat grouped substances interchangeably as means" and ultimately concluded that section 2C:35-5(b) is "divisible by controlled substance." *Gayle*, 2023 WL 4077332, at *5–6. This reasoning is persuasive.

Thus, the relevant portion of the respondent's statute of conviction, section 2C:35-5(b)(4) of the New Jersey Statutes Annotated, is divisible by controlled substance, and we may look at the record of conviction under the modified categorical approach to determine which substance his conviction involved: fentanyl, a federally controlled substance. *See* 21 U.S.C. § 812(c), schedule II(b)(6) (Supp. IV 2022); *see also Matter of Laguerre*, 28 I&N Dec. at 447. Here, the respondent provides two fallback arguments. First, he posits that the record of conviction is too ambiguous to show, by clear and convincing evidence, that he was convicted of a fentanyl offense. We disagree. His indictment states in "Count 2, Possession With Intent to Distribute, 2nd Degree" that he "did unlawfully and knowingly or purposely possess with intent to distribute Fentanyl in a quantity of one ounce or more; contrary to the provisions of N.J. Stat. Ann. 2C:35-5(a)(1), N.J.S.A. 2C:35-5(b)(4).". And his judgment of conviction shows that he was

convicted of the "Count 2, 2C:35-5a(1), Degree 2" offense. We are unpersuaded by the respondent's argument that the exclusion of section 2C:35-5(b)(4) from the judgment of conviction creates ambiguity, because that subsection is the penalty provision that makes the respondent's crime a second-degree offense. And while the Form I-213 lists the respondent's crime as "Heroin—Sell", this shorthand description on a Federal administrative immigration form does not cast any doubt on the specific information contained in the State criminal record of conviction.

Second, the respondent argues that the definition of "fentanyl" itself is further divisible into various salt and isomer chemical formulations, some of which are controlled only by New Jersey, and thus overbroad compared to the Federal definition of fentanyl. But the arguably divisible definition he cites to is for "illicit fentanyls" which "include any material, compound, mixture, or preparation that is *not listed* as a controlled substance in Schedules I through V." N.J. Admin. Code § 13:45H-10.1(e)(10) (2025) (emphasis added). "Fentanyl" *is listed* as a controlled substance in schedule II, and thus not included within the definition of "illicit fentanyls" relied upon by the respondent. N.J. Stat. Ann. § 24:21-6(d)(6) (2025); *see also* 21 U.S.C. § 812(c), schedule II(b)(6). Instead, the list of "illicit fentanyls" covers various chemical formulations that are similar to, but not, fentanyl. *See* N.J. Admin. Code § 13:45H-10.1(e)(10)(i)-(vii). The respondent was convicted of possessing with the intent to distribute fentanyl, not carfentanyl, or 2- or 3-carbomethoxyfentanyl, or any other salt, isomer, or analogue of illicit fentanyls raised by the respondent. Because the respondent's statute is divisible by substance, we need only determine what substance his conviction involved, and the fact that New Jersey may control *other* substances is irrelevant, no matter whether the differences between those substances and fentanyl are obvious or apparent only under a high-powered microscope.

In conclusion, the respondent's statute of conviction is divisible by substance, and under the modified categorical approach, his record of conviction shows that he was convicted of possession with intent to sell fentanyl, a federally controlled substance. 21 U.S.C. § 812(c), schedule II(b)(6). Accordingly, he has been convicted of a controlled substance offense under section 237(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)(i), and an illicit trafficking aggravated felony under section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), and is removable as charged. We will sustain DHS' appeal and remand the record to the Immigration Judge for further proceedings consistent with this opinion.

Accordingly, the following orders will be entered.

**ORDER:** DHS' appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's July 2, 2024, decision granting the respondent's motion to terminate is vacated, and removal proceedings are reinstated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with this opinion.